UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO OROSCO GARCIA, | ) | 1:08-CV-1819 AWI JMD HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO FILE SUPPLEMENTAL |
| v. | ) | OBJECTIONS TO FINDINGS AND |
| | ) | RECOMMENDATIONS AND MOTION FOR |
| WARDEN M.S. EVANS, | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| Respondent. | ) | |
| | ) | (Doc. No. 34) |

On November 26, 2008, Petitioner Francisco Orosco Garcia ("Petitioner"), a state prisoner proceeding pro se, filed a habeas corpus action pursuant to 28 U.S.C. § 2254. See Doc. No. 1. Petitioner asserts five claims for relief.  On May 18, 2009, Respondent filed an answer. See Doc. No. 16. On August 18, 2009, Petitioner filed a traverse. See Doc. No. 23. On June 1, 2010, the Magistrate Judge issued a Findings and Recommendation ("F&R") that recommended the petition be denied. See Doc. No. 28. On July 27, 2010, Petitioner filed a request for appointment of counsel and objections to the F&R. See Doc. Nos. 31-32. On August 2, 2010, the Court denied Petitioner's request for appointment of counsel. See Doc. No. 33.

On November 2, 2010, Petitioner filed the instant motion for leave of Court to file Supplemental Objections to the F&R and renewed motion for appointment of counsel. See Doc. No. 28. Petitioner asserts that he needs counsel because of his indigency,[1] limited education, inability to

---

[1] Petitioner has established his indigency in his declaration, which he attached to his initial motion for appointment of counsel. See Doc. No. 31.

speak, read, and understand the English language.  See Doc. No. 28 at 1-2.

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require" (see Rule 8(c), Rules Governing Section 2254 Cases) and "such person is financially unable to obtain representation" (see 18 U.S.C. §3006A(a)(2)(B)); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  In deciding to appoint counsel in a habeas proceeding, the court evaluates "the likelihood of success on the merits" as well as "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Weygandt, 718 F.2d at 954.  The decision to appoint counsel is within the discretion of the district court.  See  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

In the present case, the Court has reviewed the record and finds that the interests of justice would be served by appointment of counsel at this time due to Petitioner's indigency, inability to read, speak, and understand the English language, and given the complexity of the issues involved with respect to Petitioner's fourth claim for relief.  In addition, Petitioner has made a sufficient showing as to why he believes he would be successful on the merits of his fourth claim for relief.[2]  Accordingly, in the interests of justice, the Court grants Petitioner's motion for appointment of counsel for the limited purpose of filing supplemental objections regarding Petitioner's fourth claim for relief.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's request for appointment of counsel is GRANTED for the limited purpose of submitting supplemental objections regarding Petitioner's fourth claim for relief;
2. This matter is hereby referred to the Federal Public Defender's Office to find counsel for Petitioner;

---

[2] Petitioner contends in his fourth claim for relief that the state trial court erred in issuing a modified version of jury instruction CALJIC No. 3.16 because the instruction directed a guilty verdict against Petitioner and denied him his constitutional right to have a jury finding on the issue of guilt beyond a reasonable doubt.  The F&R concluded that the trial court's issuance of CALJIC No. 3.16 was erroneous but that the issuance did not rise to the level of a due process violation.  The F&R further determined that even if the erroneous instruction rose to the level of due process violation, the error was harmless.

3. Within forty-five (45) days from the date that counsel is appointed, Petitioner's counsel shall file supplemental objections with respect to Petitioner's fourth claim for relief;

4. Respondent may file a reply to Petitioner's supplemental objections within fifteen days of the date the objections are filed; and

5. The Clerk of the Court is directed to send a copy of this Order to Petitioner, the Federal Defender's Office, and to Respondent.

IT IS SO ORDERED.

**Dated:   December 20, 2010**          /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE