1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

FRANCISCO OROSCO GARCIA,                      )   1:08-CV-1819 AWI DLB HC
                                              )
10                          Petitioner,       )   ORDER REGARDING
                                              )   PETITIONER'S MOTION TO STAY
11           v.                               )
                                              )
12    WARDEN M.S. EVANS,                       )   (Doc. No. 43)
                                              )
13                          Respondent.       )
     _____)

14
15
16

17          Francisco Orosco Garcia  (hereinafter "Petitioner") is a state prisoner proceeding pro se with a

18    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is

19    Petitioner's motion to stay his § 2254 federal habeas proceedings pending exhaustion of his recently

20    filed "actual innocence" state court habeas claim.  See Doc. No. 43.

21                                    **PROCEDURAL HISTORY**

22          Petitioner is currently in the custody of the California Department of Corrections and

23    Rehabilitation pursuant to a July 13, 2004 jury verdict finding Petitioner and his two co-defendants

24    guilty of first degree murder of Roberto Ramirez (Cal. Penal Code §187).  The jury further convicted

25    the three defendants on the corresponding charges of torture (Cal. Penal Code §206), conspiracy (Cal.

26    Penal Code §182), and kidnapping (Cal. Penal Code §207)(a)).  On November 26, 2008, Petitioner

27    filed a habeas corpus action pursuant to 28 U.S.C. § 2254.  See Doc. No. 1.  On June 1, 2010, the

28    Magistrate Judge issued a Findings and Recommendation ("F&R") that recommended the petition be

1   denied.  See Doc. No. 28.  On November 2, 2010, Petitioner filed a motion for leave of court to file

2   supplemental objections to the F&R and a renewed motion for appointment of counsel.  See Doc. No.

3   28.  On December 20, 2010, the Court granted Petitioner's motion for appointment of counsel for the

4   limited purpose of filing supplemental objections regarding Petitioner's fourth claim for relief.[1]  The

5   Court found that the interests of justice would be served by appointment of counsel due to Petitioner's

6   indigency, inability to read, speak, and understand the English language, and given the complexity of

7   the issues involved with respect to Petitioner's fourth claim for relief.  In addition, the Court found

8   that Petitioner had made a sufficient showing as to why he would be successful on the merits of his

9   fourth claim for relief.

10        On June 2, 2011, Petitioner's appointed counsel filed an *ex parte* motion to stay his § 2254

11   federal habeas proceedings pending exhaustion of his recently filed "actual innocence" state court

12   habeas claim. See Doc. No. 43.  Petitioner seeks an abeyance of the federal court proceedings until

13   the state court rules on his actual innocence habeas claim, which he filed in the California Supreme

14   Court on June 2, 2011.  Petitioner asserts that he is innocent and that his co-defendant alone is

15   responsible for the crimes and that Petitioner could not have testified to that effect at trial because his

16   co-defendant threatened to kill him and his family if he said anything about the murder.  Petitioner

17   contends that the threats were made at the time of the murder, during the trial, and following

18   conviction.  Petitioner is now asserting his actual innocence claim because his fear of his co-

19   defendant carrying out his death threats are reduced given that Petitioner is now incarcerated in a

20   facility away from his co-defendant and because Petitioner's family has moved away from California.

21        On June 16, 2011, Respondent filed an opposition to Petitioner's motion to stay.  See Doc.

22   No. 46.

23

24

---

25   [1]Petitioner contends in his fourth claim for relief that the state trial court erred in issuing a modified version of jury instruction CALJIC No. 3.16 because the instruction directed a guilty verdict

26   against Petitioner and denied him his constitutional right to have a jury finding on the issue of guilt beyond a reasonable doubt.  The F&R concluded that the trial court's issuance of CALJIC No. 3.16 was

27   erroneous but that the issuance did not rise to the level of a due process violation.  The F&R further determined that even if the erroneous instruction rose to the level of a due process violation, the error

28   was harmless.

**DISCUSSION**

A.   Legal Standard

The Ninth Circuit Court of Appeals has recently clarified the procedures for analyzing stay-and-abeyance motions.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  There are two approaches for analyzing a motion for a stay-and-abeyance, depending on whether the petition is mixed or fully exhausted.  See Id. at 1135-36; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir.2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request can be analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), applies. See Jackson, 425 F.3d at 661.

Under Rhines, a district court has discretion to stay a *mixed* petition to allow a petitioner time to return to state court to present the unexhausted claim and then return to federal court for review of his perfected petition.  Rhines, 544 U.S. at 276.  This stay and abeyance is available in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the exhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines stays and holds in abeyance both the exhausted and unexhausted claims.

In contrast, under Kelly, a district court has discretion to stay a *fully exhausted* petition.  See King, 564 F.3d at 1140-41.  Under Kelly's three step procedure: (1) a petitioner files an amended federal petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner later amends his petition and reattaches "the newly-exhausted claims to the original petition."  Id. at 1135.  Another important distinction between the Rhines and Kelly standards is that under Kelly a petitioner must amend to add his deleted claims within the original one-year statue of limitation set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Id. at 1138-39; 28 U.S.C. § 2244(d)(1).  However, under a stay

1   predicated on Rhines a petitioner need not worry about the statute of limitations because his

2   unexhausted claims never leave federal court.  See King, 564 F.3d at 1139, 1140 (citing Rhines, 544

3   U.S. at 277).

4          B.       Analysis

5          In this case, Petitioner does not seek to stay a mixed petition; he seeks to hold all of his

6   original exhausted claims in abeyance while he exhausts his new actual innocence claim.  Although

7   Petitioner did not start on the same procedural ground as the typical Kelly-petitioner (i.e. with a

8   mixed petition), Petitioner is in the same procedural posture as any Kelly-petitioner that has

9   completed step one (i.e. possess a fully exhausted habeas claim and prays that the court grant a stay).

10  Therefore, the Court finds that Kelly provides the appropriate standard in the instant case.

11         A stay is warranted under Kelly only if Petitioner is able to later amend his federal petition to

12  include his newly exhausted claim within AEDPA's statute of limitations period.  Petitioner's newly

13  exhausted claim would be timely if it either: (1) falls within AEDPA's one-year limitation period as

14  required by 28 U.S.C. § 2244(d); (2) is subject to equitable tolling; (3) relates back under Fed. R. Civ.

15  P. 15(c); or (4) falls under the "actual innocence" exception set forth in Schlup v. Delo, 513 U.S. 298

16  (1995).  In his motion, Petitioner does not address the statute of limitations issue he would face if the

17  Court were to stay these proceedings, hold his current exhausted federal petition in abeyance to allow

18  him time to exhaust his new claims, and then entertain a motion to amend his petition.

19         1.       AEDPA's Statutory Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

20         The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

21  petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, (d) reads:

22      (1) A 1  year period of limitation shall apply to an application for a writ of habeas corpus by a
        person in custody pursuant to the judgment of a State court. The limitation period shall run
23      from the latest of
            (A) the date on which the judgment became final by the conclusion of direct review or
24          the expiration of the time for seeking such review;
            (B) the date on which the impediment to filing an application created by State action in
25          violation of the Constitution or laws of the United States is removed, if the applicant
            was prevented from filing by such State action;
26          (C) the date on which the constitutional right asserted was initially recognized by the
            Supreme Court, if the right has been newly recognized by the Supreme Court and
27          made retroactively applicable to cases on collateral review; or
            (D) the date on which the factual predicate of the claim or claims presented could have
28          been discovered through the exercise of due diligence.

1

2

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3   28 U.S.C. § 2244(d).

4       Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's

5   direct review became final or the date of the expiration of the time for seeking such review.[2]  In this

6   case, the California Supreme Court denied Petitioner's appeal on January 30, 2008.  The state appeal

7   process became final ninety days later, on April 29, 2008, when the time for seeking certiorari with

8   the United States Supreme Court expired.  See U.S. Supreme Court rule 13; Bowen v. Rowe, 188

9   F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on April

10  30, 2008.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

11      Petitioner had one year from April 30, 2008, absent any tolling, in which to file his federal

12  petition for writ of habeas corpus, meaning Petitioner had until April 30, 2009.  Petitioner filed his

13  federal habeas petition on November 26, 2008, within the statute of limitations period.  However, that

14  petition contained only claims he had exhausted in the state court, through his direct appeals.  The

15  actual innocence claim Petitioner now wishes to exhaust in state court had not previously been raised

16  before in federal court.  Accordingly, if Petitioner sought to amend his federal petition to include his

17  actual innocence claim, it would be time barred by AEDPA's statute of limitations, unless the statute

18  of limitations is tolled, the actual innocence exception is satisfied, or the claim relates back.

19          2.      Equitable tolling

20      The AEDPA limitations period is subject to equitable tolling if the petitioner demonstrates:

21  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

22  stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of

23  Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th

24  Cir. 1998), (citing Alvarez- Macha in v. United States, 107 F.3d 696, 701 (9th Cir. 1996)).  Petitioner

25  bears the burden of alleging facts that would give rise to tolling.  Pace, 544 U.S. at 418; Hinton v.

26

27      [2]Petitioner has made no showing and the Court is not aware of any reason why the statute of limitations would be subject to statutory tolling under § 2244(d)(1)(B)-(D).

28

1  Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).  Although Petitioner contends that death threats from

2  his co-defendant prevented him from raising his actual innocence claim, Petitioner has not presented

3  any argument or case law authority that would support equitable tolling.  Accordingly, Petitioner is

4  directed to file a supplemental brief on whether a petitioner's self-serving statements regarding a co-

5  defendant's  threats are sufficient to constitute "some extraordinary circumstance" entitling Petitioner

6  to equitable tolling.

7           3.    Actual Innocence Exception

8           "Under Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), a petitioner's

9  otherwise-barred claims [may be] considered on the merits ... if his claim of actual innocence is

10 sufficient to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of

11 justice." Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002) (quoting Carriger v. Stewart, 132 F.3d 463,

12 477 (9th Cir. 1997) (en banc)).  A petitioner's claim of actual innocence must be supported "with new

13 reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

14 critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324.  In order to pass

15 through Schlup's gateway, and have an otherwise barred constitutional claim heard on the merits, a

16 petitioner must show that, in light of all the evidence, including evidence not introduced at trial, "it is

17 more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

18 doubt." Majoy, 296 F.3d 775  76 (quoting Schlup, 513 U.S. at 327).

19          It is currently unsettled in the United States Supreme Court and the Ninth Circuit whether a

20 habeas petitioner's demonstration of probable innocence may excuse his noncompliance with the

21 AEDPA statute of limitations.[3]  See Majoy, 296 F.3d at 776 (declining to answer whether "surviving

22 the rigors of this gateway [under Schlup ] has the consequence of overriding AEDPA's one-year

23 statute of limitation.").

24          Regardless, under the Schlup standard referenced in Majoy, to show actual innocence

25

26          [3]On February 8, 2011, the Ninth Circuit granted rehearing en banc in Lee v. Lampert, 610 F.3d
   1125, 1133 (9th Cir. 2010), rehearing granted, 633 F.3d 1176 (9th Cir. 2011), to review a panel decision
27 holding that the "actual innocence" exception to the statute of limitations does not exist. As per the order
   of the Ninth Circuit, the panel decision shall not be cited as precedent, and relief via the actual innocence
28 gateway is not foreclosed.

1   sufficient to overcome a procedural default, a petitioner must furnish " 'new reliable evidence ... that

2   was not presented at trial.'" See House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup, 513 U.S. at

3   324); Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003). Even assuming arguendo that Schlup' s

4   "actual innocence" exception extends to Petitioner's freestanding claim of actual innocence, see

5   Dretke v. Haley, 541 U.S. 386, 393  94 (2004) (declining to address the issue whether "actual

6   innocence" exception extends to challenges to noncapital sentences), it is unclear whether Petitioner

7   has furnished "new, reliable evidence" which shows Petitioner's probable actual innocence of his

8   crimes. See House, 547 U.S. at 537; Schlup, 513 U.S. at 324. Accordingly, Petitioner is directed to

9   file supplemental briefing on whether a petitioner's own account of a co-defendant's death threats

10  constitutes "new reliable evidence" such that if presented to a jury, would make it "more likely than

11  not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." See

12  Schlup, 513 U.S. at 327.

13          4.      Relation Back

14          Habeas petitions may be amended "as provided in the rules of procedure applicable to civil

15  actions." 28 U.S.C. § 2242. The Federal Rules of Civil Procedure allow for amendments made after

16  the statute of limitations has run to "relate back" to the date of the original pleading when the

17  amended pleading arises "out of the conduct, transaction, or occurrence set out-or attempted to be set

18  out-in the original pleading." Fed. R. Civ. P. 15(c)(1). A petitioner is allowed to amend his

19  newly-exhausted claims back into his federal petition if the claims "relate back" to the exhausted

20  claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 662-64 (2005). A new claim relates

21  back to an existing claim if the two claims share a "common core of operative facts." Id. at 646. A

22  new claim does not "relate back" to an existing claim simply because it arises from "the same trial,

23  conviction or sentence." Id.

24          Petitioner's claim does not appear to meet the requirements of Fed. R. Civ. P. 15(c). The

25  exhausted claims Petitioner raises in his current petition relate to an alleged faulty jury instruction.

26  The new claim he wishes to exhaust and add relates to actual innocence. It is unclear to the Court

27  how the exhausted and unexhausted actual innocence claim share a  "common core of operative facts"

28

1   which would allow the new claim to relate back.

2

3                                    **<u>ORDER</u>**

4              Accordingly, IT IS HEREBY ORDERED:

5       1.     Within thirty (30) days from the date of this order, Petitioner's counsel shall file

6              supplemental briefing that complies with this order;

7       2.     Respondent may file a reply to Petitioner's supplemental briefing within fifteen days of

8              the filing of Petitioner's briefing; and

9       3.     The Clerk of the Court is directed to send a copy of this Order to Petitioner.

10

11       IT IS SO ORDERED.

12      **Dated:    June 20, 2011**              _____/s/ **Dennis L. Beck**_____
                                                 UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28