UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO OROSCO GARCIA, | ) | 1:08-CV-1819 AWI DLB HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION TO STAY |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN M.S. EVANS, | ) | (Doc. No. 43) |
| | ) | |
| Respondent. | ) | |

Francisco Orosco Garcia (hereinafter "Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion to stay his § 2254 federal habeas proceedings pending exhaustion of his recently filed "actual innocence" state court habeas claim. See Doc. No. 43.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a July 13, 2004 jury verdict finding Petitioner and his two co-defendants guilty of first degree murder of Roberto Ramirez (Cal. Penal Code §187). The jury further convicted the three defendants on the corresponding charges of torture (Cal. Penal Code §206), conspiracy (Cal. Penal Code §182), and kidnapping (Cal. Penal Code §207)(a).

On November 26, 2008, Petitioner filed a habeas corpus action pursuant to 28 U.S.C. § 2254. See Doc. No. 1. On June 1, 2010, pursuant to the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), the Magistrate Judge issued a Findings and Recommendation ("F&R") that

recommended the petition be denied.  See Doc. No. 28.  On November 2, 2010, Petitioner filed a motion for leave of court to file supplemental objections to the F&R and a renewed motion for appointment of counsel.  See Doc. No. 28.  On December 20, 2010, the Court granted Petitioner's motion for appointment of counsel for the limited purpose of filing supplemental objections regarding Petitioner's fourth claim for relief.[1]  The Court found that the interests of justice would be served by appointment of counsel due to Petitioner's indigency, inability to read, speak, and understand the English language, and given the complexity of the issues involved with respect to Petitioner's fourth claim for relief.

On June 2, 2011, Petitioner's appointed counsel filed an *ex parte* motion to stay his § 2254 federal habeas proceedings pending exhaustion of his recently filed "actual innocence" state court habeas claim.  See Doc. No. 43.  Petitioner seeks an abeyance of the federal court proceedings until the state court rules on his actual innocence habeas claim, which he filed in the California Supreme Court on June 2, 2011.  Petitioner asserts that he is innocent and that his co-defendant alone is responsible for the crimes and that Petitioner could not have testified to that effect at trial because his co-defendant threatened to kill him and his family if he said anything about the murder.  Petitioner contends that the threats were made at the time of the murder, during the trial, and following conviction.  Petitioner is now asserting his actual innocence claim because his fear of his co-defendant carrying out his death threats are reduced given that Petitioner is now incarcerated in a facility away from his co-defendant and because Petitioner's family has moved away from California.

On June 16, 2011, Respondent filed an opposition to Petitioner's motion to stay.  See Doc. No. 46. On June 21, 2011, the Court ordered Petitioner to provide supplemental briefing to address whether his actual innocence claim, once exhausted in state court, could be timely added to his federal petition should the Court stay his current petition.  See Doc. 47.  On September 6, 2010, Petitioner filed the supplemental briefing.  See Doc. 53.

---

[1] Petitioner contends in his fourth claim for relief that the state trial court erred in issuing a modified version of jury instruction CALJIC No. 3.16 because, according to Petitioner, the instruction directed a guilty verdict and denied Petitioner his constitutional right to have a jury finding on the issue of guilt beyond a reasonable doubt.  The F&R concluded that the trial court's issuance of CALJIC No. 3.16 was erroneous but that the issuance did not rise to the level of a due process violation.

# DISCUSSION

## A.     Legal Standard

A court may stay a habeas petition and hold it in abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly").[2]  Under Kelly's three step procedure: (1) a petitioner files an amended federal petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner later amends his petition and reattaches "the newly-exhausted claims to the original petition." Id. at 1135.

Significantly, at step 3 of the Kelly procedure, a petitioner is only allowed to add his newly-exhausted claims back into his federal petition if the claims either are independently timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Kelly, supra, 315 F.3d at 1140–41; see also Mayle v. Felix, 545 U.S. 644, 662–64 (2005).  A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 646. A new claim does not "relate back" to an existing claim simply because it arises from "the same trial, conviction or sentence." Id.  If the newly-exhausted claim is not timely under the AEDPA or the relation-back doctrine does not apply, it may not be added to the existing petition and a stay is inappropriate.

## B.     Analysis

Petitioner does not argue that his new "actual innocence" claim "relates back" to any claims alleged in his original federal petition.  Instead, Petitioner argues that his showing of actual innocence as provided under Schlup v. Delo, 513 U.S. 298 (1995), is an exception to the statute of limitations bar imposed by AEDPA.  See Doc. 53, Petitioner's Supplemental Briefing at 2-3.  As discussed below, the Court will deny the instant motion as Petitioner has not successfully demonstrated his burden that amendment of his newly-exhausted claim will be timely.

### 1.     Statutory Tolling

---

[2] A court may also stay a "mixed" petition, i.e., one containing both exhausted and unehausted claims, to allow a petitioner to present unexhausted claims to the state court under Rhines v. Weber, 544 U.S. 269 (1995) ("Rhines"). However, because Petitioner does not seek to stay a "mixed" petition, the Court finds that Kelly provides the appropriate standard.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, (d) reads:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied Petitioner's appeal on January 30, 2008. The state appeal process became final ninety days later, on April 29, 2008, when the time for seeking certiorari with the United States Supreme Court expired. See U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). Here, Petitioner has made no showing and the Court is not aware of any reason why the statute of limitations would be subject to statutory tolling under § 2244(d)(1)(B)-(D). Thus, the AEDPA statute of limitations began to run the following day, on April 30, 2008. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from April 30, 2008, absent any tolling, in which to file his federal petition for writ of habeas corpus, meaning Petitioner had until April 30, 2009. Petitioner filed his federal habeas petition on November 26, 2008, within the statute of limitations period. However, that petition contained only claims he had exhausted in the state court, through his direct appeals. The actual innocence claim Petitioner now wishes to exhaust in state court had not previously been raised

before in federal court. Accordingly, if Petitioner sought to amend his federal petition to include his actual innocence claim, it would be time barred by AEDPA's statute of limitations, unless the statute of limitations is equitably tolled due to some extraordinary circumstance impeding Petitioner's timely filing, or upon Petitioner's successful showing that Schlup's "actual innocence" exception applies.

### 2. Equitable tolling due to extraordinary circumstance

The AEDPA limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Pace"); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990) ("Irwin"); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, supra, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). As the Ninth Circuit has stated:

> We have also stressed that "equitable tolling is unavailable 'in most cases'. . . . Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). And we have long-cautioned that "[e]quitable tolling determinations are 'highly fact-dependent,'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006), and are to be decided on a case-by-case basis.

Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010).

Though Petitioner contends that death threats from his co-defendant prevented him from raising his "actual innocence claim," which "equitably tolls" the statute of limitations, Petitioner does not argue that the equitable tolling envisioned by Irwin and its progeny applies. Additionally, the Court finds no authority supporting the proposition that a petitioner's lone, uncorroborated assertion that "death threats" to himself or his family are sufficient to demonstrate the existence of the required "extraordinary" impediment.[3]

More importantly, even assuming the truth of Petitioner's allegations, Petitioner has failed to demonstrate that he has been pursuing his rights diligently. Here, Petitioner asserts that the threats to

---

[3] Petitioner's counsel refers repeatedly to Petitioner's formal declaration regarding his claim of "actual innocence" that "forms the basis for his habeas petition to the California Supreme Court," (See Doc. 53, Petitioner's Supplemental Brief at 4-5). However the Court notes that other than the California Supreme Court habeas petition attached to Petitioner's moving papers, (signed on behalf of Petitioner by his counsel), Petitioner has provided no such declaration or affidavit in support of his "actual innocence" claim. See Docs. 43 and 53.

himself and his family were made "at the time of the murder, during the trial and following his conviction" which occurred in 2004.  See Doc. 43, Motion for Stay at 3.  Additionally, Petitioner contends that it was only after he was "incarcerated in a facility away from the co-defendant" who made the threats and his family moved away from California that he was then able to raise his claim of "actual innocence."  See Doc. 43 at 2.  However, Petitioner does not provide dates as to when he was incarcerated away from his allegedly threatening co-defendant or for that matter, when his family was finally reached a position of safety.  If for example, Petitioner was moved to another facility and his family was made safe some time shortly after his conviction in 2004, Petitioner fails to explain why he could not have raised this claim prior to the running of the statute in April of 2009, almost five years later.[4]  Accordingly Petitioner is not entitled to equitable tolling due to any alleged "extraordinary circumstance."  Pace, supra, 544 U.S. at 418.

### 3. Actual Innocence Exception

"Under Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), a petitioner's otherwise-barred claims [may be] considered on the merits ... if his claim of actual innocence is sufficient to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice."  Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002) (quoting Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (en banc)).  A petitioner's claim of actual innocence must be supported "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  Schlup, supra, 513 U.S. at 324.  In order to pass through Schlup's gateway, and have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Majoy, supra, 296 F.3d 775–76 (quoting Schlup, supra, 513 U.S. at 327).  In addition, the Ninth Circuit Court of Appeals has recently found that "a credible claim of actual innocence" may be sufficient to have otherwise time-barred claims heard on the merits.  Lee v.

---

[4] In addition, Petitioner's own moving papers state that his common-law wife, has been living out of California for almost nine years (See Doc. 53, Petitioner's Supplement Brief at 2) which appears to contradict his assertion that his actual innocence claim could not have been raised any earlier or only after his family moved away from California.  See Doc. 43, Motion to Stay at 2.

1  Lampert, --- F.3d ----, 2011 WL 3275947, at *2 (9th Cir. 2011) ("Lee").  As the Ninth Circuit stated
2  in Lee:

> Schlup requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not.  House, 547 U.S. at 538 (internal quotation marks omitted); Carriger, 132 F.3d at 477–78.  On this complete record, the court makes a " 'probabilistic determination about what reasonable, properly instructed jurors would do.'"  House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329).

Lee, supra, at *6.

   Here, the Court finds that Petitioner has not demonstrated that with new reliable or credible evidence every juror would have found in favor of his acquittal, especially in light of the substantial evidence adduced against Petitioner at trial.  This evidence included the fact that Petitioner's fingerprints were found inside the rear passenger window of a vehicle (see Reporter's Transcript ("RT") at 1642-43) that also contained the victim's blood.  See RT at 497-98, 1666, 1677.  In addition, Sergio Torres, a witness at trial, testified that Petitioner confessed to kidnapping a man, taking the victim to a house in Merced, and then transporting the victim to a canal located outside of Merced, where Petitioner and co-defendants shot him.  See RT at 1862-1865.  Moreover, relevant portions of Torres' testimony were corroborated by multiple other witnesses testifying at trial.  See eg. testimony provided by Maria Bustos, RT at 1208-09, 1215, 1217.  Based on the overwhelming evidence against Petitioner, even if the jury was presented with a record supplemented by Petitioner's newly presented claim of innocence, this Court cannot conclude that "it is more likely than not that no reasonable juror would have convicted him."  Thus the Court finds that Petitioner has failed to make the "credible showing of 'actual innocence'" needed to excuse him from AEDPA's statute of limitations.  Schlup, 513 U.S. at 327.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion to stay the instant petition is hereby DENIED; and
2. The Clerk of the Court is directed to send a copy of this Order to Petitioner.

IT IS SO ORDERED.

Dated:   January 6, 2012

CHIEF UNITED STATES DISTRICT JUDGE