# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO OROSCO GARCIA,<br><br>        Petitioner,<br><br>    v.<br><br>M.S. EVANS,<br><br>        Respondent. | 1:08-cv-01819-AWI-DLB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 56] |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Now pending before the Court is Petitioner's motion to amend the petition for writ of habeas corpus to add a claim of actual innocence. Respondent filed an opposition on February 27, 2012.

Petitioner's motion to amend is a transparent attempt for the Court to reconsider its ruling denying a stay of the proceedings in order to exhaust the actual innocence claim. For the same reasons explained in the Court's January 11, 2012 order, the instant motion to amend must be denied. To reiterate, the state appeal process became final in this case on April 29, 2008, and absent any tolling, a federal petition for writ of habeas corpus must have been filed by April 30, 2009. Petitioner filed the instant federal petition for writ of habeas corpus on November 26, 2008-within the limitations period. The petition contained only exhausted claims, and the actual innocence claim would be barred by the one-year statute of limitations, absent a basis to

equitably toll the limitations period due to some extraordinary circumstances. Despite the Court's finding that Petitioner failed to present a viable argument that the limitations could be equitably tolled, Petitioner failed to demonstrate that he pursed this claim with due diligence. In the previous motion and the current motion, Petitioner argues that he was prevented from raising this claim because of death threats to himself and family from his co-defendant. However, as previously determined by this Court:

> Petitioner asserts that the threats to himself and his family were made 'at the time of the murder, during the trial and following his conviction' which occurred in 2004. [Citation.] Additionally, Petiitioner contends that it was only after he was 'incarcerated in a facility away form the co-defendant' who made the threats and his family moved away from California that he was then able to raise his claim of 'actual innocence. [Citation.] However, Petitioner does not provide dates as to when he was incarcerated away from his allegedly threatening co-defendant or for that matter, when his family [had] finally reached a position of safety. If for example, Petitioner was moved to another facility and his family was made safe some time shortly after his conviction in 2004, Petitioner fails to explain why he could not have raised this claim prior to the running of the statute in April of 2009, almost five years later.[1] Accordingly, Petitioner is not entitled to equitable tolling due to any alleged 'extraordinary circumstances.' [Citation.]

(ECF No. 55, at 5-6.) The undersigned further found that Petitioner failed to demonstrate a "credible showing of 'actual innocence'" to excuse AEDPA's statute of limitations. ECF No. 55, at 7. Therefore, Petitioner's amendment to add the actual innocence claims is futile because the claim is clearly barred by the statute of limitations, and Petitioner is not entitled to equitable tolling.

Accordingly, Petitioner's motion to amend is DENIED.

IT IS SO ORDERED.

Dated:   April 27, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In addition, Petitioner's own moving papers state that his common-law wife, has been living out of California almost nine years [Citation] which appears to contradict his assertion that his actual innocence claim could not have raised any earlier or only after his family moved away from California. [Citation.]

2